UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RAFAEL TORRES,

    Petitioner,

  vs.      Case No. 1:16-cv-02734-WTL-TAB

STANLEY KNIGHT,

    Respondent.

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Rafael Torres for a writ of habeas corpus challenges a prison disciplinary proceeding, IYC 16-04-0009, in which he was found guilty of unauthorized possession of personal information. For the reasons explained in this entry, Mr. Torres' habeas petition must be **denied.**

### I. Overview

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On March 25, 2016, Investigator Prulhiere issued a Report of Conduct charging Mr. Torres with unauthorized possession of personal information in violation of Code B-247. The Report of Conduct states:

> Use of a Global Tel Link phone pin number or a J-Pay password by another offender who is not the owner of the pin number or password, is considered unauthorized possession or use of property of value belonging to another offender. Any offender who provides their personal Global Tel Link phone pin number or J-Pay password information to another offender, or allows another offender to use those assets under his user credentials, is in violation and is considered to be aiding in unauthorized possession of property of value belonging to another offender. Failure by the owner to protect the security of their credentials is in violation and is considered to be aiding in unauthorized possession of property of value belonging to another offender. Failure by the owner to protect the security of their credentials is not a defense in conduct violations. The below information shows a detected violation of these standards and lists the system affected, the area, date and time of the detection as well as the asset owner and unauthorized user information:
>
> System Used in violation: Global Tel Link
> Date of Offense: March 19, 2016     Date of Discovery: March 25, 2016
> Time of Offense: approx 2:28 pm
> Name and DOC of Offender who used unauthorized PIN or Password: Rafael Torres 144059
> Account Name/Account Number or Phone Number: 209-451-6596
> Area of Offense: K2 Rec Room, phone IHUK-2
> Owning Offender Name and DOC: Kenneth Kilpatrick 146840
>
> Verifications of the identity of the violators for this charge is provided in the evidence listed below:
>
> Disposition of Physical Evidence, if any: Photo of Offender using phone at the noted time on the recorded phone call. (Confidential)

Dkt. 9-1.

The Report of Conduct was based on an Internal Affairs ("IA") investigation, a photograph of Mr. Torres on the phone at the corresponding time to the use of the other offender's number, and audio recordings of his calls using the number. Dkt. Nos. 11 and 12, *Ex*

*Parte*. Mr. Torres was notified of the charge on April 6, 2016, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). The Screening Officer noted that Mr. Torres did not request any witness statements but that he requested as evidence the IA case file. Dkt. 9-2.

The Hearing Officer conducted a disciplinary hearing on April 8, 2016. Dkt. 9-4. The Hearing Officer noted Mr. Torres' statement, "There were no numbers included in the conduct [report]. Nobody specified which numbers or pin numbers were used. The evidence I requested was not present." Dkt. 9-4, p. 1. Mr. Torres also submitted a longer statement. Dkt. 9-4, p. 2. Relying on the staff reports, the statement of the offender, and the IA case file, the Hearing Officer concluded that Mr. Torres had violated Code B-247. Dkt. 9-4. The sanctions imposed included 30 days of lost phone, commissary, and JPay privileges, 90 days of disciplinary segregation, and the deprivation of 90 days of earned credit time. *Id.* The Hearing Officer imposed the sanctions based on the seriousness, frequency and nature of the offense, the degree to which the violation disrupted or endangered the security of the facility, and the likelihood of the sanction having a corrective effect on the offender's future behavior. *Id*.

Mr. Torres' appeals were denied. This habeas action followed.

### III. Analysis

Mr. Torres argues that his due process rights were violated during the disciplinary proceeding. His claims are: 1) he was denied evidence; and 2) there was insufficient evidence to support the guilty finding.

Mr. Torres argues that he was denied evidence consisting of the four digit PIN number that he allegedly possessed. This assertion is the basis of both of his claims. The Screening Report does not reflect that Mr. Torres requested the PIN numbers. He alleges in his petition that

he "requested that evidence pertaining to the allege (sic) charge be provided to show how a violation of said charge has been effaced (sic)." Petition, dkt. 1, at p. 3. He further alleges that "this requested evidence is in fact the four (4) digit PIN number that was never established by the author of the Report of Conduct to have ever been in petitioner's possession." *Id.*

Mr. Torres does not unequivocally state that he requested the PIN number. Even assuming that he did, however, he has not demonstrated how he was prejudiced by the alleged omission. The time and date of the offense, the area of the prison, the other inmate's name, and the phone number called are specific enough to provide a basis for any relevant defense. While prison officials must disclose exculpatory evidence to allow an inmate to present his best defense, here Mr. Torres does not allege that the identification of a specific PIN number would have been exculpatory. Accordingly, any alleged error is harmless. *See Jones v. Cross*, 637 F.3d 841, 846-47 (7th Cir.2011) (absent prejudice, any alleged due process error is harmless error).

Mr. Torres next argues that denying him disclosure of a specific PIN number rendered the charge unsupported by sufficient evidence. This claim is meritless. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016). The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good

time credits has some factual basis.") (internal quotation omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The specific details of the offense contained in the Report of Conduct and IA case file fully support the Hearing Officer's decision.

Mr. Torres was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Torres' due process rights.

### IV.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Torres' petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  4/14/17

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

RAFAEL  TORRES, #144059
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
BUNKER HILL, IN 46914